Andrew J. Flame, Esq.
Pa. Attorney I.D. No. 69673
David A. Ebby, Esq.
Pa. Attorney I.D. No. 57181
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
(215) 988-2700
Attorneys for Plaintiff, U.S. Bank National Association

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>800 Nicollet Mall<br>Minneapolis, MN 55402,<br><br>            Plaintiff,<br><br>     v.<br><br><br>J. BRIAN O'NEILL,<br>930 Stoke Road<br>Villanova, PA 19085<br><br>            Defendant. | CIVIL ACTION<br><br>NO. 14- |

**COMPLAINT IN CONFESSION OF JUDGMENT**

U.S. Bank National Association ("Lender" or "Plaintiff"), through its undersigned counsel, states as its Complaint in Confession of Judgment against J. Brian O'Neill ("Defendant" or "Guarantor", and together with Plaintiff, the "Parties"), as follows:

## I. INTRODUCTION

1. Lender commences the instant action to collect upon the loan guaranty agreement executed by Defendant guarantying, among other things, the full, prompt and complete payment of indebtedness of 750 Moore Road Associates, L.P. ("Borrower") arising from Plaintiff's loan to Borrower, which loan is evidenced by, among other agreements, a promissory note and loan agreement between Lender and Borrower, as more fully set forth below. Borrower has defaulted under the loan documents, the loan has matured, the loan indebtedness is due and owing in full, Borrower and Defendant have refused or otherwise failed to pay the loan indebtedness, and Defendant has authorized entry of a confessed judgment against him.

## II. PARTIES AND JURISDICTION

2. Plaintiff U.S. Bank National Association is a national banking association with its principal place of business at 800 Nicollet Mall, Minneapolis, MN 55402.

3. Defendant J. Brian O'Neil is an individual and citizen of the Commonwealth of Pennsylvania and, upon information and belief, resides at 930 Stoke Road, Villanova, PA 19085.

4. The last known addresses for Plaintiff and Defendant, respectively, are as set forth above.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 dollars exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

### III. VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because (a) Defendant resides in and is subject to personal jurisdiction in this judicial district, and (b) a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this judicial district. Further, Defendant has consented to the jurisdiction and venue of this Court pursuant to the Agreement of Guaranty and Suretyship (Payment), dated as of November 2, 2006, between and among Defendant and Plaintiff (as amended from time to time, the "Guaranty"). See Guaranty, a true and correct copy of which is attached hereto as Exhibit "A" and which is incorporated herein by reference, at § 23.

### IV   FACTUAL BACKGROUND AND DEMAND FOR ENTRY OF JUDGMENT

7. Upon information of and belief, Defendant is Vice President, Secretary and Treasurer and the sole shareholder of 750 Moore Road Associates Acquisition Corporation, the general partner of Borrower, and Defendant directly or indirectly controls the Borrower.

*Plaintiff's Loan to Defendant*

8. Plaintiff has made one or more advances (each an "Advance" and, collectively, the "Advances") to Borrower (collectively, the "Loan") pursuant to that certain Loan Agreement dated November 3, 2006 between Plaintiff and Borrower (as amended from time to time, the "Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by reference, and agreements and documents delivered related thereto.

9. On or about November 3, 2006, Borrower executed, as maker, in favor of Plaintiff, that certain Promissory Note in the original principal amount of $7,800,000 (as amended from time to time, the "Note") evidencing the Loan. A true and correct copy of the Note is attached as Exhibit "C", and is incorporated herein by reference.

10. The Loan Agreement, Note, Guaranty and any and all agreements and documents related to the Loan Agreement, Note and Guaranty are collectively referred to herein as the "Loan Documents".

11. All amounts due and owing pursuant to the Loan Documents, including, without limitation, all principal, interest and costs of collection, including attorneys' fees, are collectively referred to herein as the "Indebtedness".

12. Pursuant to the Loan Documents, Borrower, among other things, promised to repay the Advances, with interest, as more specifically set forth in the Note, with all principal, interest and other Indebtedness to be repaid by no later than May 3, 2012 (the "Maturity Date"). See Note at p. 1; Fifth Amendment to Loan Agreement (attached as part of Exhibit "B") at § 2(c); Letter Agreement, dated June 22, 2012, a true and correct copy of which is attached hereto as Exhibit "D" (the "Default Acknowledgment") and incorporated herein by reference.

13. Pursuant to the Loan Documents, including, without limitation, the Loan Agreement, Borrower agreed to pay Plaintiff's costs related to the Loan Documents and the Loan, including, without limitation, all costs and expenses related to claims by Plaintiff and enforcement of Plaintiff's rights and remedies. See, e.g., Loan Agreement at §§ 5.2, 5.8, & 7.2.

14. Pursuant to the Loan Documents, Borrower also promised to pay Plaintiff other amounts related to the Loan, including but not limited to default interest from and after the Maturity Date. Note at § 9; Loan Agreement at p. 2 (definition of "Default Interest") and § 1.2.

***Defendant's Guaranty of Borrower's Obligations and the Indebtedness***

15. Pursuant to the Guaranty, Defendant "unconditionally guarantees and becomes surety for the full and time payment, whether by declaration, acceleration or otherwise, by Borrower of all principal and interest and fees and costs of [Lender] now or hereafter to be paid

4

by Borrower pursuant to the documents and instruments that evidence and secure the Loan, including without limitation, the Note (the '**Loan Documents**') (collectively referred to as the '**Obligations**')." Guaranty at § 2 (emphasis in original).

16. Further, pursuant to the Guaranty, Defendant agreed to pay, upon demand of the Bank, among other things, the Indebtedness. Guaranty at § 3.

17. Defendant further agreed to pay all costs and expenses, including reasonable attorney's fees, incurred by Bank in enforcing the Guaranty. Guaranty at § 20.

18. Pursuant to the Guaranty, Defendant's liability under the Guaranty is limited to $3,221,365.00 (the "Guaranty Amount"). See First Amendment to Agreement of Guaranty and Suretyship (Payment), a true and correct copy of which is attached hereto as part of Exhibit "A" and which is incorporated herein by reference, at § 2 (amending section 2 of the November 2, 2006 Agreement of Guaranty and Suretyship (Payment)).

*Borrower's Events of Default under the Loan Documents*
*and Guarantor's Default under the Guaranty*

19. An Event of Default has occurred under the Loan Documents, including, without limitation, the Loan Agreement and Note, as a result of, among other things, the Borrower's failure to satisfy the Indebtedness on or before the Maturity Date. See, e.g., Loan Agreement at § 6.1(a); Note at §§ 5(b) and 9.

20. On June 22, 2012, Plaintiff served the Default Acknowledgement upon the Borrower and Defendant in accordance with the Guaranty and Loan Documents, notifying the Borrower and Defendant that the Maturity Date had passed and that the Indebtedness was due and payable in full.

21.     Borrower and Defendant, by countersigning the Default Acknowledgement, acknowledged and agreed that the Maturity Date had passed and the Indebtedness was due and payable in full.

22.     On August 17, 2012, Plaintiff, in accordance with the Guaranty and Loan Documents, again gave notice to Borrower and Defendant (the "2012 Demand Letter") that the Maturity Date had passed and that the Indebtedness was immediately due and payable in full. A true and correct copy of the 2012 Demand letter is attached hereto as Exhibit "E" and incorporated herein by reference.

23.     By letter dated December 6, 2013 (the "2013 Borrower Demand Letter"), Plaintiff, through its counsel, again made demand upon Borrower for payment of the Indebtedness. A true and correct copy of the 2013 Borrower Demand letter is attached hereto as Exhibit "F" and incorporated herein by reference.

24.     By letter dated December 9, 2013 (the "2013 Guarantor Demand Letter"), Plaintiff, through its counsel, again made demand upon Defendant for payment of the Guaranty Amount. A true and correct copy of the 2013 Guarantor Demand letter is attached hereto as Exhibit "G" and incorporated herein by reference.

25.     As of December 30, 2013, the Indebtedness was in the amount of $7,451,050.42, calculated as follows:

| Principal | $6,442,730.00 |
| Interest through August 1, 2012 | 14,751.43 |
| Interest for August 2, 2012 – December 30, 2013 | 847,469.96 |
| Attorney's Commission upon Confession (2%) | 146,099.03 |
| **TOTAL DUE AS OF DECEMBER 30, 2013** | **$7,451,050.42** |

26.     The outstanding principal balance of the Loan continues to accrue interest pursuant to the Note at the Default Rate of 9.165% per annum or $1,640.21 per day from and

6

after December 30, 2013.  See Note at §9; Loan Agreement at p. 2 (definition of "Default Interest") and §1.2.

27. Despite demand, Borrower has failed to repay Plaintiff the Indebtedness.

28. Despite demand, Defendant has failed to pay Plaintiff the Guaranty Amount.

29. Events of Default have occurred under the Guaranty as a result of Defendant's failure to pay the Guaranty Amount to Plaintiff.

*<u>**Guarantor's Consent to Entry of Judgment by Confession**</u>*

30. Pursuant to the Guaranty, Defendant has consented to entry of judgment by confession:

> 3. **<u>Reaffirmation of Confession of Judgment</u>**.  Guarantor hereby restates and reaffirms in full the confession of judgment set forth in Sections 8 and 9 of the Original Guaranty:
>
> > (i)  UPON THE OCCURRENCE AND CONTINUANCE OF AN EVENT OF DEFAULT BY GUARANTOR UNDER THE ORIGINAL GUARANTY, AS AMENDED HEREBY, GUARANTOR IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR GUARANTOR IN ANY AND ALL ACTIONS AND TO CONFESS JUDGMENT AGAINST GUARANTOR FOR ALL OR ANY PART OF THE SUMS DUE UNDER THE GUARANTY, AS AMENDED HEREBY; AND IN EITHER CASE FOR INTEREST, COSTS, AND FEES TOGETHER WITH AN ATTORNEY COMMISSION OF TWO PERCENT (2%) OR $5,000, WHICHEVER IS GREATER.  GUARANTOR FURTHER AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD UPON THE OCCURRENCE AND CONTINUANCE OF AN EVENT OF DEFAULT, TO APPEAR FOR AND ENTER JUDGMENT AGAINST GUARANTOR IN AN ACTION OF REPLEVIN OR ANY OTHER ACTION TO RECOVER POSSESSION OF ANY COLLATERAL SECURING THE GUARANTY, AS AMENDED HEREBY.  SUCH CONFESSIONS OF JUDGMENT OR ACTIONS SHALL BE WITH RELEASE OF ERRORS, WAIVERS OF APPEALS, WITHOUT STAY OF EXECUTION AND GUARANTOR WAIVES ALL RELIEF FROM ANY AND ALL APPRAISEMENT OR EXEMPTION LAWS NOW IN FORCE OR HEREAFTER ENACTED.  IF A COPY OF THE GUARANTY, AS AMENDED HEREBY, VERIFIED BY AN OFFICIAL OR AN OFFICER OF BANK, SHALL BE FILED IN ANY PROCEEDING OR ACTION WHEREIN JUDGMENT IS TO BE CONFESSED, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL HEREOF AND SUCH VERIFIED COPY SHALL BE SUFFICIENT WARRANT FOR ANY ATTORNEY OF ANY COURT OR RECORD TO APPEAR HEREIN FOR AND

CONFESS JUDGMENT AGAINST GUARANTOR AS PROVIDED HEREIN. JUDGMENT MAY BE CONFESSED FROM TIME TO TIME UNDER THE AFORESAID POWERS AND NO SINGLE EXERCISE OF THE AFORESAID POWERS TO CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, SHALL BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, AVOIDABLE, OR VOID, BUT THE POWER SHALL CONTINUE UNDIMINISHED AND IT MAY BE EXERCISED FROM TIME TO TIME AFTER AND AS BANK SHALL ELECT UNTIL SUCH TIME AS BANK SHALL HAVE RECEIVED PAYMENT IN FULL OF ALL SUMS DUE UNDER THE GUARANTY, AS AMENDED HEREBY, TOGETHER WITH INTEREST, COSTS, AND FEES.

      (ii)    GUARANTOR HEREBY EMPOWERS ANY ATTORNEY TO APPEAR FOR GUARANTOR IN ANY ACTIONS THAT BANK MAY BRING FOR SUMS DUE UNDER THE GUARANTY, AS AMENDED HEREBY, OR ANY OTHER LOAN DOCUMENT AND TO CONFESS JUDGMENT AGAINST GUARANTOR FOR THOSE SUMS AND/OR POSSESSION OF ANY COLLATERAL SECURING THE GUARANTY, AS AMENDED HEREBY UPON THE OCCURRENCE AND DURING THE CONTINUANCE OF AN EVENT OF DEFAULT HEREUNDER. GUARANTOR HAS REVIEWED THIS PROVISION WITH GUARANTOR'S ATTORNEY AND ACKNOWLEDGES THAT BANK IS AUTHORIZED TO TAKE ANY ACTION WITHOUT ANY ADVANCE NOTICE TO GUARANTOR, TO CONFESS JUDGMENT. THEREFORE, GUARANTOR IS AWARE THAT, TO THE EXTENT PERMITTED BY LAW, IT HAS GIVEN UP ANY RIGHTS IT MIGHT HAVE TO A HEARING TO CONTEST THE VALIDITY OF ANY SUCH JUDGMENT OR OTHER CLAIMS THAT BANK MAY ASSERT THEREUNDER. GUARANTOR SPECIFICALLY AND VOLUNTARILY WAIVES AND RELINQUISHES ANY RIGHTS IT MAY HAVE TO ANY NOTICE OR HEARING OR OTHER DUE PROCESS IN CONNECTION WITH BANK'S IMPLEMENTATION OF ITS RIGHTS TO TAKE JUDGMENT. GUARANTOR ALSO SPECIFICALLY RELEASES ANY RIGHTS IT MAY HAVE TO CHALLENGE SUCH ACTION BY BANK OR TO CLAIM OR RECOVER ANY DAMAGES AGAINST BANK IN CONNECTION WITH SUCH ACTIONS, TO THE EXTENT PERMITTED BY LAW. GUARANTOR ACKNOWLEDGES THAT IT IS REPRESENTED BY COUNSEL AND THAT GUARANTOR'S COUNSEL HAS REVIEWED AND EXPLAINED THE MEANING OF THESE WAIVERS TO GUARANTOR.

Third Amendment to Agreement of Guaranty and Suretyship (Payment). <u>See also</u> Agreement of Guaranty and Suretyship, at §§ 8-9; First Amendment to Agreement of Guaranty and Suretyship (Payment) at § 3; Second Amendment to Agreement of Guaranty and Suretyship (Payment) at § 3. Each of the foregoing constitutes part of the Guaranty and is attached hereto as part of Exhibit "A" and is incorporated herein by reference.

31. Defendant has also consented, pursuant to each of the Amendments to the Loan Agreement, to entry of judgment by confession:

**8.      Reaffirmation of Confession of Judgment.**

\* \* \*

      (b) Guarantor hereby restates and reaffirms in full the confession of judgment set forth in Sections 8, 9 and 10 of the Guaranty:

      (i) UPON THE OCCURRENCE AND CONTINUANCE OF AN EVENT OF DEFAULT BY GUARANTOR UNDER THE GUARANTY, GUARANTOR IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR GUARANTOR IN ANY AND ALL ACTIONS AND TO CONFESS JUDGMENT AGAINST GUARANTOR FOR ALL OR ANY PART OF THE SUMS DUE UNDER THE GUARANTY; AND IN EITHER CASE FOR INTEREST, COSTS, AND FEES TOGETHER WITH AN ATTORNEY COMMISSION OF TWO PERCENT (2%) OR $5,000, WHICHEVER IS GREATER. GUARANTOR FURTHER AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD UPON THE OCCURRENCE AND CONTINUANCE OF AN EVENT OF DEFAULT, TO APPEAR FOR AND ENTER JUDGMENT AGAINST GUARANTOR IN AN ACTION OF REPLEVIN OR ANY OTHER ACTION TO RECOVER POSSESSION OF ANY COLLATERAL SECURING THE GUARANTY. SUCH CONFESSIONS OF JUDGMENT OR ACTIONS SHALL BE WITH RELEASE OF ERRORS, WAIVERS OF APPEALS, WITHOUT STAY OF EXECUTION AND GUARANTOR WAIVES ALL RELIEF FROM ANY AND ALL APPRAISEMENT OR EXEMPTION LAWS NOW IN FORCE OR HEREAFTER ENACTED. IF A COPY OF THE GUARANTY, VERIFIED BY AN OFFICIAL OR AN OFFICER OF BANK, SHALL BE FILED IN ANY PROCEEDING OR ACTION WHEREIN JUDGMENT IS TO BE CONFESSED, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL HEREOF AND SUCH VERIFIED COPY SHALL BE SUFFICIENT WARRANT FOR ANY ATTORNEY OF ANY COURT OR RECORD TO APPEAR HEREIN FOR AND CONFESS JUDGMENT AGAINST GUARANTOR AS PROVIDED HEREIN. JUDGMENT MAY BE CONFESSED FROM TIME TO TIME UNDER THE AFORESAID POWERS AND NO SINGLE EXERCISE OF THE AFORESAID POWERS TO CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, SHALL BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, AVOIDABLE, OR VOID, BUT THE POWER SHALL CONTINUE UNDIMINISHED AND IT MAY BE EXERCISED FROM TIME TO TIME AFTER AND AS BANK SHALL ELECT UNTIL SUCH TIME AS BANK SHALL HAVE RECEIVED PAYMENT IN FULL OF ALL SUMS DUE UNDER THE GUARANTY, TOGETHER WITH INTEREST, COSTS, AND FEES.

      (ii)      GUARANTOR HEREBY EMPOWERS ANY ATTORNEY TO APPEAR FOR GUARANTOR IN ANY ACTIONS THAT BANK MAY BRING FOR

SUMS DUE UNDER THE GUARANTY OR ANY OTHER LOAN DOCUMENT AND TO CONFESS JUDGMENT AGAINST GUARANTOR FOR THOSE SUMS AND/OR POSSESSION OF ANY COLLATERAL SECURING THE GUARANTY UPON THE OCCURRENCE AND DURING THE CONTINUANCE OF AN EVENT OF DEFAULT HEREUNDER.  GUARANTOR HAS REVIEWED THIS PROVISION WITH GUARANTOR'S ATTORNEY AND ACKNOWLEDGES THAT BANK IS AUTHORIZED TO TAKE ANY ACTION WITHOUT ANY ADVANCE NOTICE TO GUARANTOR, TO CONFESS JUDGMENT.  THEREFORE, GUARANTOR IS AWARE THAT, TO THE EXTENT PERMITTED BY LAW, IT HAS GIVEN UP ANY RIGHTS IT MIGHT HAVE TO A HEARING TO CONTEST THE VALIDITY OF ANY SUCH JUDGMENT OR OTHER CLAIMS THAT BANK MAY ASSERT THEREUNDER.  GUARANTOR SPECIFICALLY AND VOLUNTARILY WAIVES AND RELINQUISHES ANY RIGHTS IT MAY HAVE TO ANY NOTICE OR HEARING OR OTHER DUE PROCESS IN CONNECTION WITH BANK'S IMPLEMENTATION OF ITS RIGHTS TO TAKE JUDGMENT.  GUARANTOR ALSO SPECIFICALLY RELEASES ANY RIGHTS IT MAY HAVE TO CHALLENGE SUCH ACTION BY BANK OR TO CLAIM OR RECOVER ANY DAMAGES AGAINST BANK IN CONNECTION WITH SUCH ACTIONS, TO THE EXTENT PERMITTED BY LAW.  GUARANTOR ACKNOWLEDGES THAT IT IS REPRESENTED BY COUNSEL AND THAT GUARANTOR'S COUNSEL HAS REVIEWED AND EXPLAINED THE MEANING OF THESE WAIVERS TO GUARANTOR.

Fifth Amendment to Loan Agreement at § 8(b). See also First Amendment to Loan Agreement at § 6(b); Second Amendment to Loan Agreement at § 8(b); Third Amendment to Loan Agreement at § 7(b); and Fourth Amendment to Loan Agreement at § 9(b).  Each of the foregoing constitutes part of the Loan Agreement and is attached hereto as part of Exhibit "B" and is incorporated herein by reference.

32. The condition(s) precedent after which judgment by confession may be entered have occurred under the Guaranty.

33. Despite demand, Guarantor has refused or otherwise failed to pay the Guaranty Amount to Plaintiff.

34. Judgment is hereby demanded against the Defendant as authorized by the confession of judgment clauses in the Guaranty.

35. Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

36. Plaintiff has not assigned any of its interests in the Note, Loan Agreement, Guaranty or other Loan Documents.

37. No judgment has been entered in any jurisdiction against the Defendant on the Guaranty.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, as authorized by the Confession of Judgment clauses in the Guaranty executed by and on behalf of Defendant, in the amount of $3,221,365.00.

Dated: January 17, 2014

Andrew J. Flame, Esq.
Pa. Attorney I.D. No. 69673
David A. Ebby, Esq.
Pa. Attorney I.D. No. 57181
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
(215) 988-2700

Attorneys for Plaintiff,
U.S. Bank National Association

# Table of Contents for Exhibits

| Exhibit | Description |
|---|---|
| A | Guaranty (incl. First through Third Amendments) |
| B | Loan Agreement (including First through Fifth Amendments) |
| C | Note (including First through Third Amendments) |
| D | Default Acknowledgment, dated June 22, 2012 |
| E | 2012 Demand Letter, dated August 17, 2012 |
| F | 2013 Borrower Demand Letter, dated December 6, 2013 |
| G | 2013 Guarantor Demand Letter, dated December 9, 2013 |