**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 14-00447** |
| **v.** | |
| **J. BRIAN O'NEILL,** | |
| **Defendant.** | |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Defendant's

Motion to Strike, or in the Alternative Open, Confessed Judgment and Stay Enforcement, it is

hereby ORDERED that Plaintiff shall not take any action to execute upon or otherwise enforce the

Confessed Judgment until further order of this Court.

BY THE COURT:

_____
TIMOTHY J. SAVAGE, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 14-00447** |
| **v.** | |
| **J. BRIAN O'NEILL,** | |
| **Defendant.** | |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Defendant's

Motion to Strike, or in the Alternative Open, Confessed Judgment and Stay Enforcement, it is

hereby ORDERED that Defendant's Motion is GRANTED and that the Confessed Judgment

entered in the above-captioned matter is hereby STRICKEN / OPENED.


BY THE COURT:


_____

TIMOTHY J. SAVAGE, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

U.S. BANK NATIONAL ASSOCIATION,

           Plaintiff,

           v.

J. BRIAN O'NEILL,

           Defendant.

CIVIL ACTION NO. 14-00447

### DEFENDANT'S MOTION TO STRIKE, OR IN THE ALTERNATIVE OPEN, CONFESSED JUDGMENT AND STAY ENFORCEMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b) and 62

Defendant J. Brian O'Neill, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 60(b), respectfully moves this Honorable Court to strike, or in the alternative, open the confessed judgment entered against him on February 19, 2014. Defendant also respectfully requests that, pursuant to Federal Rule of Civil Procedure 62, the Court stay enforcement of the confessed judgment pending the outcome of the instant Motion. In support of this Motion, Defendant relies on the accompanying Memorandum of Law, which is incorporated by reference as if fully set forth herein.

Respectfully submitted,

KAUFMAN, COREN & RESS, P.C.

/s/ Andrew J. Belli
STEVEN M. COREN, ESQUIRE
BENJAMIN M. MATHER, ESQUIRE
ANDREW J. BELLI, ESQUIRE
PA Attorney ID Nos. 32140; 89959; 208100
2001 Market Street, Suite 3900
Philadelphia, PA 19103
215-735-8700

Attorneys for Petitioner/Defendant
Dated: March 24, 2014        J. Brian O'Neill

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 14-00447** |
| **v.** | |
| **J. BRIAN O'NEILL,** | |
| **Defendant.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO STRIKE, OR IN THE ALTERNATIVE OPEN,
CONFESSED JUDGMENT AND STAY ENFORCEMENT**

Defendant J. Brian O'Neill, by and through undersigned counsel and pursuant to Federal

Rules of Civil Procedure 60(b) and 62, respectfully submits the following memorandum of law in

support of his motion to strike, or in the alternative, open the confessed judgment entered against

him on February 19, 2014, and to stay enforcement of the same pending the disposition of the

instant motion.

## I.    PROCEDURAL BACKGROUND

On January 23, 2014, Plaintiff U.S. Bank National Association filed a Complaint in

Confession of Judgment seeking entry of a  $3,221,365.00 judgment against Mr. O'Neill.  The

Court Clerk entered judgment against Mr. O'Neill in this amount on February 19, 2014.  Among

the amounts which Plaintiff claims can form the basis of the judgment are $6,442,730.00 in

principal (although the record is devoid of any document or other explanation reflecting how prior

payments were allocated and how the principal balance was calculated), $862,221.39 in interest

(although the record is devoid of any document or other explanation reflecting how the interest

1

mount was calculated), and $146,099.03 in "Attorney's Commission upon Confession"

(representing 2% of the sum of the aforementioned principal and interest).  *See* Complaint at ¶ 25.

## II.   QUESTIONS PRESENTED

A.   WHETHER MR. O'NEILL IS ENTITLED TO HAVE THE CONFESSED JUDGMENT STRICKEN BECAUSE OF FATAL DEFECTS WHICH ARE APPARENT FROM THE FACE OF THE RECORD?

SUGGESTED ANSWER:   YES.

B.   WHETHER MR. O'NEILL IS ENTITLED TO HAVE THE CONFESSED JUDGMENT OPENED BECAUSE UNCERTAINTY EXISTS AS TO WHETHER THE CONFESSED PRINCIPAL AND INTEREST AMOUNTS ARE ACCURATE AND BECAUSE THIS COURT MUST ANALYZE WHETHER THE 2% "ATTORNEY'S COMMISSION" IS REASONABLE UNDER THE CIRCUMSTANCES?

SUGGESTED ANSWER:   YES.

C.   WHETHER THIS COURT SHOULD STAY EXECUTION OF THE CONFESSED JUDGMENT PENDING RESOLUTION OF THE INSTANT MOTION?

SUGGESTED ANSWER:   YES.

## III.   ARGUMENT

### A.   LEGAL STANDARD FOR OPENING/STRIKING A CONFESSED JUDGMENT

"Judgment by confession is an unusual creation of Pennsylvania law and has been the

subject of much federal court criticism."  *Mobile Transp. Technologies, Inc. v. S.I. ScooterWorks*

*LLC*, 176 F. Supp. 2d 340, 341 (E.D. Pa. 2001).  Given that judgment by confession "is a product

of state law, having no analog in the federal rules,"  *F.D.I.C. v. Deglau*, 207 F.3d 153, 159 (3d Cir.

2000), the Third Circuit has held that "a petition to open or vacate a judgment entered in the

federal courts is procedurally governed by [Federal Rule of Civil Procedure] 60."  *Girard Trust*

*Bank v. Martin*, 557 F.2d 386, 389 (3d Cir. 1977); *see also Deglau*, 207 F.3d at 161 ("The broad teaching of *Girard*[, i.e., that Rule 60 governs the procedure for striking/opening a judgment confessed in the federal courts] has not been overruled.").

While "Rule 60 of the Federal Rules of Civil Procedure governs the procedural aspects of a request to open or strike a confession of judgment, Pennsylvania law governs the substantive issues regarding whether to open or strike the judgment." *First Commonwealth Bank v. Fresh Harvest River, LLC*, CIV.A. 3:10-231, 2014 WL 811831 (W.D. Pa. Mar. 3, 2014) (citing *Deglau*, 207 F.3d at 167). As in the federal courts, confessions of judgment are not favored in Pennsylvania. *See, e.g., Beckett v. Laux*, 577 A.2d 1341, 1347 (Pa. Super. 1990); *Drum v. Leta*, 512 A.2d 36, 38 (Pa. Super. 1986). "Pennsylvania requires a clearer manifestation of consent to sustain a warrant of attorney to confess judgment than it does to sustain a normal contract provision." *Egyptian Sands Real Estate, Inc. v. Polony*, 294 A.2d 799, 804 (Pa. Super. 1972).

A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguity resolved against the party in whose favor the warrant is given. *Lincoln Bank v. C & H Agency, Inc.*, 456 A.2d 136, 139 (Pa. 1982); *Beckett*, 577 A.2d at 1347; *Drum*, 512 A.2d at 38. A warrant of attorney to confess judgment does not arise "by implication or by general and nonspecific reference." *Frantz Tractor Co. v. Wyoming Valley Nursery*, 120 A.2d 303, 305 (Pa. 1956). Any doubts as to the validity of such judgments must be resolved against the party entering the judgment. *Scott Factors, Inc. v. Hartley*, 228 A.2d 887, 888 (Pa. 1967); *Housing Mortgage Corp. v. Tower Dev. & Inv. Corp.*, 167 A.2d 146, 147 (Pa. 1961); *Industrial Valley Bank & Trust Co. v. Glossbrenner*, 443 A.2d 1148, 1150 (Pa. Super. 1982); *Dameron v. Woods Restaurant, Inc.*,

451 A.2d 681, 683 (Pa. Super. 1982)  (The court "must resolve any doubts about [any] default in [defendant's] favor, since confession of judgment is oppressive.").

It is well established that "[a] warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law."  *Cutler Corp. v. Latshaw*, 97 A.2d 234, 236 (Pa. 1953).  Indeed, "[t]he signing of a warrant of attorney is equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword.  For that reason the law jealously insists on proof that this helplessness and impoverishment was voluntarily accepted and consciously assumed."  *Id.*

A petition to strike a confessed judgment (as distinct from a petition to open) is proper when the defect in the judgment appears on the face of the record.  *PNC Bank, Nat. Ass'n v. Balsamo*, 634 A.2d 645, 649 (Pa. Super. 1993).  A party seeking to open a confessed judgment, on the other hand, must timely file a petition, aver a meritorious defense, and present evidence sufficient to go to the jury.  *Wenger v. Ziegler*, 226 A.2d 653 (Pa. 1967); *Kardos v. Morris*, 368 A.2d 657 (Pa. 1977);  *First Seneca Bank v. Laurel Mt. Dev.*, 485 A.2d 1086 (Pa. 1984); *Rittenhouse v. Barclay White, Inc.*, 625 A.2d 1208, 1210 (Pa. Super. 1993); *McKeesport Nat. Bank v. Rosenthal*, 513 A.2d 434, 436 (Pa. Super. 1986).  In determining whether to open a judgment, the trial court must examine the evidence in the light most favorable to the petitioner.  *Rittenhouse*, 625 A.2d at 1210.  Pa. R. Civ. P. 2959(e) provides that "[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury the court *shall* open the judgment." (emphasis added).  A court may not weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go to the jury.  *Tenreed Corp*

4

*v. Philadelphia Folding Box Co.*, 389 A.2d 594, 597 (Pa. Super. 1978) (quoting *Wolgin v. Mickman*, 335 A.2d 824, 826 (1975)).

      **B.**      **THE CONFESSED JUDGMENT SHOULD BE STRICKEN BECAUSE NONE OF THE SIGNATURES ON THE DOCUMENTS WHICH PURPORTEDLY AUTHORIZE CONFESSION OF JUDGMENT BEAR A DIRECT RELATIONSHIP TO THE PURPORTED WARRANT OF ATTORNEY CONTAINED THEREIN**

It is a long established tenet of Pennsylvania law that "[a] warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it.  The requisite signature must bear a direct relation to the warrant of attorney and may not be implied." *L. B. Foster Co. v. Tri-W Const. Co.*, 186 A.2d 18, 20 (Pa. 1962) (striking a confessed judgment when the relevant warrant of attorney appeared on the reverse side of the signature page); *see also, e.g., Frantz Tractor Co., Inc. v. Wyoming Valley Nursery*, 120 A.2d 303, 306 (Pa. 1956) ("a warrant of attorney to confess judgment must be self-sustaining; to be self-sustaining, the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant"); *Hazer v. Zabala*, 26 A.3d 1166, 1172 (Pa. Super. 2011) (striking a confessed judgment because the warrant of attorney appeared in an exhibit to the document which contained the signature page); *cf. Egyptian Sands Real Estate, Inc. v. Polony*, 294 A.2d 799, 802 (Pa. Super. 1972) (opening a confessed judgment on the grounds that the relevant warrant of attorney did not bear a direct relationship to the signature because, *inter alia*, the two did not appear on the same page).

In the instant matter, none of the signatures on the guaranty documents which purportedly authorize confession of judgment bear a direct relationship to the purported warrants of attorney. The warrant of attorney provisions are inconspicuously buried in the middle of lengthy documents

and are far away from the applicable signature pages, and are inadequate to support a confession of

judgment in the instant matter because they do not bear a "direct relationship" to Defendant's

signature.  The warrant of attorney provisions bear the following, entirely detached, relationship to

Defendant's signature:

> a.      11/2/2006 Agreement of Guaranty and Suretyship[1] ("Guaranty") at § 8 – the
>
> purported warrant of attorney begins five pages before Mr. O'Neill's
>
> signature page;
>
> b.      3/4/2009 First Amendment to Agreement of Guaranty and Suretyship at § 3
>
> – the purported "Reaffirmation of Confession of Judgment" begins three
>
> pages before Mr. O'Neill's signature page;
>
> c.      6/30/2009 Second Amendment to Agreement of Guaranty and Suretyship at
>
> § 3 – the purported "Reaffirmation of Confession of Judgment" begins two
>
> pages before Mr. O'Neill's signature page;
>
> d.      4/12/2012 Third Amendment to Agreement of Guaranty and Suretyship at §
>
> 3 – the purported "Reaffirmation of Confession of Judgment" begins three
>
> pages before Mr. O'Neill's signature page.

Per the binding caselaw cited above, such warrant of attorney provisions do not bear a

direct relationship to Mr. O'Neill's signature page, thus mandating that the confessed Judgment be

stricken.[2]  *See, e.g., Egyptian Sands Real Estate, Inc.*, 294 A.2d at 802 (opening a confessed

---

[1]      The 11/2/2006 Agreement of Guaranty and Suretyship, along with all amendments thereto, are attached to Plaintiff's Complaint as Exhibit "A."

[2]      To the extent that Plaintiff argues that the fact that Mr. O'Neill may have initialed the warrant of attorney in the original Guaranty renders such warrant valid, such a contention is

judgment on the grounds that the relevant warrant of attorney did not bear a direct relationship to the signature because, *inter alia*, the two did not appear on the same page).

      **C.**    **THE CONFESSED JUDGMENT SHOULD BE OPENED BECAUSE UNCERTAINTY EXISTS AS TO WHETHER THE CONFESSED PRINCIPAL AND INTEREST AMOUNTS ARE ACCURATE AND BECAUSE THIS COURT MUST ANALYZE WHETHER THE 2% "ATTORNEY'S COMMISSION" IS REASONABLE UNDER THE CIRCUMSTANCES**

The purportedly applicable confession of judgment language provides for "an attorney commission of two percent (2%) or $5,000, whichever is greater." 11/2/2006 Agreement of Guaranty and Suretyship at § 8. Pennsylvania "jurisprudence is clear that even where a contract authorizes fee-shifting in a particular amount, that amount must be reasonable under the circumstances." *Graystone Bank v. Grove Estates, LP.*, 58 A.3d 1277, 1283 (Pa. Super. 2012) (citing *McMullen v. Kutz*, 985 A.2d 769 (Pa. 2009)). Accordingly, the Superior Court recently held that, before a confessed judgment which contains an attorneys' fees provision like the one at issue here can be enforced, the party confessing judgment must "demonstrat[e] that the . . . provision as applied under the circumstances does not work [an] unconscionable result" and the trial court must "revie[w] whether the . . . attorney's fee provision worked a reasonable result under the circumstances." *Graystone Bank*, 58 A.3d at 1284 (remanding "for the [trial] court to . . . review . . . the resultant attorney's fees and, if necessary, open and modify the confessed judgment to make the fee amount reasonable").

---

without merit. However, should this Court find that the argument has merit, then the amount of the Judgment should be limited to $2,730,000.00, the maximum liability under the original Guaranty, which is the only document which may be initialized in such a manner.

7

As a general matter, questions of reasonableness require a fact-specific determination that would require the opening of the judgment so that the parties can present evidence as to whether the attorneys' fees provision at issue is reasonable.  *See, e.g., Com. v. Revere*, 888 A.2d 694, 707 (Pa. 2005) ("'Reasonableness . . . is measured in objective terms by examining the totality of the circumstances. In applying this test we have consistently eschewed bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry.'" (ellipsis in original; quoting *Ohio v. Robinette*, 519 U.S. 33, 34 (1996))); *Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 194 (3d Cir. 1999) ("[r]easonability is a fact-specific test").  Moreover, the Superior Court has held that, even if the plain language of a fee shifting provision is enforceable on its face, the party which is impacted by such a provision is "entitled to a hearing concerning the reasonableness of such fees." *Bayne v. Smith*, 965 A.2d 265, 270 (Pa. Super. 2009).  The circumstances surrounding this particular judgment indicate that the $146,099.03 in attorneys' fees is indeed unreasonable under Pennsylvania law.  *See, e.g., PNC Bank v. Bolus*, 655 A.2d 997, 1000 (Pa. Super. 1995) ("To charge more than $70,000 as an attorney's fee for what in most cases amounts to filing a single document with the prothonotary is blatantly unreasonable.").

Considerations of due process mandate that the instant judgment be opened so that the reasonableness of the attorneys' fees provision can be evaluated, especially given that the disparity between the $5000 fee contemplated in the body of the provision itself and the $146,099.03 which was actually charged clearly indicates that the latter is an unreasonable and improper penalty.  Since the parties have a dispute over material facts – i.e., whether the $146,099.03 in "Attorney's Commission upon Confession" is reasonable – this Court must open the Judgment to allow the parties to litigate this dispute.  *See Graystone Bank*, 58 A.3d at 1284 (remanding "for the [trial]

8

court to . . . review . . . the resultant attorney's fees and, if necessary, open and modify the confessed judgment to make the fee amount reasonable"); *Central Penn National Bank v. Fleischmann Baking Co., Inc.*, 311 A.2d 688 (Pa. Super. 1973) (remanding case to consider whether the judgment should be opened in light of dispute over amount owed and the rate of interest charged).

Moreover, Mr. O'Neill should be given the opportunity to establish that the Plaintiff confessed judgment for an amount in excess of the amount actually due and owing under the Guaranty and associated Note. The Judgment includes, *inter alia*, $6,442,730.00 in principal (although the record is devoid of any document or other explanation reflecting how prior payments were allocated and how the principal balance was calculated), and $862,221.39 in interest (although the record is devoid of any document or other explanation reflecting how the interest mount was calculated). *See* Complaint at ¶ 25.

Since the parties have a dispute over material facts – how much money is owed to the Plaintiff, and the source of Plaintiff's authority to collect such money – the Court must open the Judgment to allow the parties to litigate this dispute. *See Central Penn National Bank v. Fleischmann Baking Co., Inc.*, 311 A.2d 688 (Pa. Super. 1973) (remanding case to consider whether the judgment should be opened in light of dispute over amount owed and the rate of interest charged).

**D.   THIS COURT SHOULD STAY EXECUTION OF THE CONFESSED JUDGMENT PENDING RESOLUTION OF THE INSTANT MOTION**

Pursuant to Federal Rule of Civil Procedure 62(b)(4), "the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of [a] motio[n] . . . under Rule 60, for relief from a judgment or order." Courts consider four factors in deciding motions under

Rule 62(b) – "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See, e.g., Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Given the caselaw cited *supra* regarding the draconian and disfavored effects of a confessed judgment, it is clear that all four factors are satisfied. *See, e.g., Cutler Corp.*, 97 A.2d at 236 ("[t]he signing of a warrant of attorney is equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. For that reason the law jealously insists on proof that this helplessness and impoverishment was voluntarily accepted and consciously assumed.").

As set forth in detail *supra*, significant issues exist as to both the propriety and the amount of the confessed Judgment, thus satisfying the first element of the Rule 60 test. *See, e.g., Dameron*, 451 A.2d at 683 (The court "must resolve any doubts about [any] default in [a defendant's] favor, since confession of judgment is oppressive."). It is obvious that the second prong of the Rule 60 test is satisfied, as Mr. O'Neill has had no chance to challenge the significant Judgment which has been entered against him. As to the third prong, it would be absurd to think that an entity with Plaintiff's vast resources will be "substantially injured" by a slight delay in executing against Mr. O'Neill.[3] As to the final prong, it is clear that the public interest will benefit from a stay given the fact that confession of judgment is an extreme remedy which is generally frowned upon by the courts. *See, e.g., Mobile Transp. Technologies, Inc.*, 176 F. Supp. 2d at 341

---

[3] *See, e.g.,* http://phx.corporate-ir.net/phoenix.zhtml?c=117565&p= irol-homeProfile (U.S. Bancorp webpage noting that U.S. Bank National Association is "the 5th largest commercial bank in the United States and that U.S. Bancorp, U.S. Bank's parent company, has "$361 billion in assets").

10

("Judgment by confession is an unusual creation of Pennsylvania law and has been the subject of much federal court criticism.").

Accordingly, Defendant respectfully requests that this Court stay execution of the judgment pending resolution of his Rule 60 motion.

## IV.    CONCLUSION

In light of the foregoing facts, arguments, and authorities, Defendant respectfully requests that the confessed Judgment be stricken or opened, and that this Court stay execution of the judgment pending resolution of the instant Motion.

Respectfully submitted,


KAUFMAN, COREN & RESS, P.C.


/s/ Andrew J. Belli
STEVEN M. COREN, ESQUIRE
BENJAMIN M. MATHER, ESQUIRE
ANDREW J. BELLI, ESQUIRE
PA Attorney ID Nos. 32140; 89959; 208100
2001 Market Street, Suite 3900
Philadelphia, PA 19103
215-735-8700

Attorneys for Petitioner/Defendant
Dated: March 24, 2014          J. Brian O'Neill

11

## CERTIFICATE OF SERVICE

I, Andrew J. Belli, certify that on March 24, 2014, I caused a true and correct copy of the

foregoing Motion to Strike, or in the Alternative Open, Confessed Judgment and Stay Enforcement

to be served on all persons below via the Court's ECF system and via first class mail:

> Andrew J. Flame, Esquire
> David A. Ebby, Esquire
> Drinker Biddle & Reath LLP
> One Logan Square, Suite 2000
> Philadelphia, PA 19103-6996
>
> *Counsel for Plaintiff*

> /s/Andrew J. Belli
> Andrew J. Belli