IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J. BRIAN O'NEILL | : | NO. 14-0447 |
| | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                       May 29, 2014

      Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the defendant, J. Brian O'Neill ("O'Neill"), moves to strike the $3,221,365.00 judgment confessed against him as the guarantor of a commercial loan. He contends that the judgment must be stricken because his signature does not bear a "direct relationship" to the confession of judgment provisions in the relevant loan documents. Alternatively, he moves to open the confessed judgment, arguing that there is a dispute concerning the accuracy of principal and interest amounts underlying the judgment and that the attorney's fees of $146,099.03 awarded to U.S. Bank National Association ("U.S. Bank") are excessive.

      After considering the pleadings and the relevant documents, we conclude that O'Neill's signature relates directly to the confessed judgment provisions in the loan documents. Furthermore, O'Neill has presented no evidence to support a meritorious defense. Therefore, we shall deny his motion to strike or to open the judgment.

**Facts**

On November 3, 2006, U.S. Bank made a $7.8 million loan to 750 Moore Road Associates, L.P., an entity controlled by O'Neill.[1] As part of the transaction, O'Neill executed an Agreement of Guaranty and Suretyship (the "Guaranty"),[2] guaranteeing full and timely payment of the loan.[3] The maturity date for satisfaction of the indebtedness was May 3, 2012.[4] In the event of default, O'Neill's liability as guarantor was capped at $3,221,365.00.[5]

To amend the amount and maturity date, the loan agreement was modified five times.[6] The first modification occurred on December 24, 2008[7] and the last, on April 12, 2012.[8] Each time, the borrower executed amendments to the loan agreement and the promissory note.[9] On three occasions, O'Neill executed an amended guaranty.[10] Each document contained a conspicuous and unambiguous confession of judgment provision authorizing the entry of judgment upon default.[11]

---

[1] Compl. ¶¶ 7, 9.

[2] *Id.* ¶¶ 6, 15 and Ex. A.

[3] *Id.* ¶¶ 16-17.

[4] *Id.* ¶ 12 and Ex. B (Loan Agreement) at 106.

[5] *Id.* ¶ 18 and Ex. A at 10, § 2.

[6] Pl.'s Resp. at 6-7.

[7] Compl. Ex. B at 64.

[8] *Id.* at 105.

[9] *See, e.g.*, *id.* Ex. B at 64, 72-74 and Ex. C (Promissory Note) at 9, 12-13, 16-17, 20.

[10] *Id.* Ex. A at 10, 13, 17, 20, 24, 28.

[11] *See e.g.*, *id.* Ex. A at 10, § 3, Ex. B at 66, § 6.

2

When the loan matured on May 3, 2012, it remained unpaid.[12]  U.S Bank demanded payment and declared the loan in default.[13]  U.S. Bank then demanded payment from O'Neill under the Guaranty.[14]

After O'Neill failed to pay, U.S. Bank filed a complaint in confession of judgment on January 23, 2014.  The complaint sets forth the components of the total amount due under the loan, $7,451,050.42.[15]  Included is $146,099.03 for attorney's fees.[16]

On February 19, 2014 the Clerk of Court entered judgment in the amount of $3,221,365.00, the extent of O'Neill's liability as guarantor.[17]  O'Neill filed the present motion on March 24, 2014.[18]

## Motion to Strike[19]

A motion to strike a judgment may be granted only if a fatal defect or irregularity appears on the face of the judgment.  *F.D.I.C. v. Deglau*, 207 F.3d 153, 167 (3d Cir. 2000) (citing *Manor Building Corp. v. Manor Complex Ass'n, Ltd.*, 645 A.2d 843, 846 (Pa. Super. Ct. 1994)).  Matters that do not appear on the face of the judgment or

---

[12] *Id.* ¶ 19.

[13] *Id.* ¶¶ 20, 22 and Exs. D (Default Acknowledgement Letter), E (2012 Demand Letter) and F (2013 Borrower Demand Letter).

[14] *Id.* ¶ 24 and Ex. G (Guarantor Demand Letter).

[15] *Id.* ¶ 25.

[16] *Id.*

[17] Doc. No. 4; Compl. at 11 and Ex. A at 10, § 2.

[18] Doc. No. 6.

[19] Rule 60(b) governs the procedural aspects of a motion to strike and/or open a confessed judgment.  *F.D.I.C. v. Deglau*, 207 F.3d 153, 161 (3d Cir. 2000).  Pennsylvania law governs its substantive aspects.  *Id.* at 167.

3

record are extrinsic to the judgment. *Id.* at 168. The defect must be alleged in the motion. *Id.* at 167.

O'Neill argues that we should strike the judgment because his signature does not "bear a direct relationship" to the confessed judgment provisions in the loan documents. He contends that because his signature and the confessed judgment provision were not on the same page or adjacent pages, the signature does not have a direct relationship to the warrant of attorney.[20]

As O'Neill correctly states, a confessed judgment provision must be in writing and signed by the person who will be bound by its terms. *Deglau,* 207 F.3d at 167. The signature must directly relate to the provision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1275 (3d Cir. 1994) (citation omitted); *Hazer v. Zabala*, 26 A.3d 1166, 1171 (Pa. Super. Ct. 2011). However, there is no requirement that the signature and the cognovit provision appear on the same page. *Graystone Bank v. Grove Estates, LP.,* 58 A.3d 1277, 1283 (Pa. Super. Ct. 2012).

Here, the confessed judgment provision appears in each document in clear and conspicuous language, and in all capital letters. O'Neill initialed the confessed judgment provision in the original Guaranty.[21] A sophisticated real estate developer, he signed the documents to secure financing for a commercial transaction.[22]

Although the confessed judgment provision in the loan documents appears a few pages before the signature page, it is distinct from the other provisions. In the original

---

[20] Def.'s Mot. at 5-6.

[21] Compl. Ex. A at 3-4.

[22] At oral argument, O'Neill's attorney conceded that when O'Neill signed the loan documents he was aware of what they contained. Hr'g Tr. at 5:16-18.

4

Guaranty, O'Neill initialed the provision.[23] Therefore, because O'Neill's signature bears a direct relationship to the confessed judgment provision, there is no basis to strike the judgment.[24]

**Motion to Open**

Before a confessed judgment may be opened, the movant must act promptly, allege a meritorious defense, and produce sufficient evidence in support of the defense that would require the issue to be submitted to the jury. *Dollar Bank Fed. Sav. Bank v. Northwood Cheese Co., Inc.*, 637 A.2d 309, 311 (Pa. Super. Ct. 1994); *Hazer,* 26 A.3d at 1169 (citation omitted); *Deglau*, 207 F.3d at 167-68; Pa. R. Civ. P. 2959(e). Although O'Neill acted timely, he has not adequately alleged a meritorious defense. Nor has he proffered any evidence of a defense that could be submitted to a jury.

Evidence of a meritorious defense must be "clear, direct, precise and believable." *Germantown Sav. Bank v. Talacki*, 657 A.2d 1285, 1289 (Pa. Super. Ct. 1995) (citation omitted); *Castings Condo. Ass'n v. Klein*, 663 A.2d 220, 224 (Pa. Super. Ct. 1995) (citation omitted). The evidence is considered in the light most favorable to the movant. *Deglau*, 207 F.3d at 168.

---

[23] Compl. Ex. A at 3-4.

[24] In support of his argument to strike the judgment O'Neill cites three inapposite cases: *Hazer*, *Egyptian Sands Real Estate, Inc. v. Polony*, 294 A.2d 799 (Pa. Super. Ct. 1972) and *LB Foster Co. v. TRI-W Constr. Co., Inc.*, 186 A.2d 18 (Pa. 1962). The court in *Hazer* granted a motion to strike the confessed judgment because the provision and signature were in different documents and there was no clear reference to the provision in the signed document. 26 A.3d at 1171-72. *Egyptian Sands* opened a judgment of confession because there was no clear consent to the provision where (1) the defendants, who were married immigrants for whom English was a second language, did not read the provision; (2) they were dissuaded from securing an attorney by the plaintiff, who told them they could rely on his attorney; and (3) plaintiff's attorney, who they relied on, did not tell them about the cognovit provision. 294 A.2d at 804. *LB Foster* affirmed the lower court's decision to strike a confessed judgment where the provision appeared on the reverse side of the lease and the document did not clearly indicate that a confessed judgment provision was on the reverse side. 186 A.2d at 18, 20.

O'Neill argues that there is "uncertainty" concerning whether the amount owed is accurate.[25] Yet, he has presented no evidence that the judgment amount is incorrect.[26] *See PNC Bank v. Johnson*, 1386 May Term 2005, 2005 WL 2899736, at *1 (Pa. Ct. Cm. Pl. Oct. 19, 2005) (denying motion to open confessed judgment where movant alleged that judgment was in dispute but presented no evidence in support). O'Neill's assertion alone does not present a defense in "precise, specific, and clear terms." *Penn-Delco Sch. Dist. v. Bell Atlantic-Pa., Inc.*, 745 A.2d 14, 19 (Pa. Super. Ct. 1999) (citation omitted). Indeed, he does not assert what amount he contends is owed. Therefore, he has neither asserted a meritorious defense nor presented evidence that the unpaid loan balance was incorrectly calculated.

O'Neill also argues that the judgment should be opened because the attorney's fees are excessive. He seeks an opportunity to present evidence on the reasonableness of the attorney's fees. U.S. Bank argues that the proper procedure is not to open the judgment, but instead to modify the amount.

O'Neill's liability, as guarantor, is limited to $3,221,365.00. This cap is substantially below the amount of the principal and interest due before adding attorney's fees. Consequently, any reduction in attorney's fees would not affect the amount of O'Neill's liability, but only that of 750 Moore Road Associates. Hence, the reasonableness of the attorney's fees is not an issue for purposes of this motion.

---

[25] Def.'s Mot. at 7; *see also* Hr'g Tr. at 20:9-10 (Counsel for O'Neill stating: "we are also not 100 percent sure that [plaintiff] calculated [the] principal and interest amounts correctly").

[26] When asked what proof he had showing that the judgment is incorrect, O'Neill's counsel replied: "nothing." Hr'g Tr. at 20:8-16.

**Conclusion**

O'Neill has not shown any fatal defect on the face of the judgment that would warrant striking the judgment. Nor has he alleged a meritorious defense or presented any evidence of one. Therefore, we shall deny his motion to strike or to open the judgment.